[Civ. No. 21141.   First Dist., Div. Three.   Dec. 17, 1964.]

THE  PEOPLE  ex  rel.  DEPARTMENT  OF  PUBLIC
    WORKS, Plaintiff and Respondent, v. MARY E. DON-
    OVAN, Defendant and Appellant.

Thorne, Stanton, Clopton, Herz & Stanek, Johnson, Thorne, Speed & Bamford and John E. Thorne for Defendant and Appellant.

Harry S. Fenton, Holloway Jones, Jack M. Howard, Richard S. Levenberg, William R. Edgar and Lee Tyler for Plaintiff and Respondent.

SALSMAN, J.—This is an appeal by the defendant property owner from a judgment entered on a jury verdict in an eminent domain action fixing $13,500 as the fair market value of appellant's property.

Appellant first contends that the trial court committed reversible error in quashing a subpoena issued to obtain the appraisal report of Leonard Doyle, one of respondent's appraisers. The facts that give rise to this claim of error are these: This is the second trial concerning the fair market value of appellant's property. Prior to the first trial Leonard Doyle was hired by respondent to appraise the subject property and to make a report. The report was prepared and transmitted to counsel for respondent. Leonard Doyle testified as an expert appraiser at the first trial and valued appellant's property at $15,000. The jury returned a verdict of $13,500, the exact amount of the verdict in the second trial. Leonard Doyle also testified in the second trial. In his later testimony he valued appellant's property at $8,500. When asked the reason for the difference in his testimony at the two trials the witness stated in effect that it was due to a realization that access to the property was over an easement; that he had known of the easement when he made his report appraising the property at $15,000 prior to the first trial, but did not fully realize its importance. Appellant then demanded pro-

duction of the appraisal report made by the witness. When this was refused appellant sought to obtain the report by subpoena. On respondent's motion the trial court quashed the subpoena on the ground that the content of the appraiser's report was protected by the attorney-client privilege and hence not subject to subpoena. In ruling upon the motion to quash, the trial judge cited and relied upon *Mowry* v. *Superior Court*, 202 Cal.App.2d 229, 241 [20 Cal.Rptr. 698], which at that time was the latest appellate pronouncement on the subject and fully supported the court's ruling. (See also *Rust* v. *Roberts*, 171 Cal.App.2d 772, 776 [341 P.2d 46].) After trial of the case we now consider, our Supreme Court decided *Oceanside Union School Dist.* v. *Superior Court*, 58 Cal.2d 180, 189 [23 Cal.Rptr. 375, 373 P.2d 439], and *San Diego Professional Assn.* v. *Superior Court*, 58 Cal.2d 194 [23 Cal.Rptr. 384, 373 P.2d 448]. In *Oceanside*, the court expressly held that the "attorney-client privilege does not protect either the facts obtained or the mental opinions and calculations of that type of expert who, like a real estate appraiser, does not pass on to the attorney information which emanated 'from the client'". In *San Diego Professional* the court expressly disapproved those portions of *Mowry* and *Rust* which declared that the report of an expert real estate appraiser made to an attorney is privileged as a matter of law. In this context then, the trial court's ruling was error (cf. *People* ex rel. *Dept. of Public Works* v. *Glen Arms Estate, Inc.*, 230 Cal.App.2d 841 [41 Cal.Rptr. 303]). The question remains, however, whether the error was prejudicial. We have concluded that, under the circumstances of this case, the error was not prejudicial.

To support reversal, the error found must result in a miscarriage of justice. (Cal. Const., art. VI, § 4½.) The test generally applied is that stated in *People* v. *Watson*, 46 Cal.2d 818, 836 [299 P.2d 243]: "[A] 'miscarriage of justice' should be declared only when the court, 'after an examination of the entire cause, including the evidence,' is of the 'opinion' that it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error." See also *Aldabe* v. *Aldabe*, 209 Cal.App.2d 453, 457 [26 Cal.Rptr. 208]; 3 Witkin, California Procedure (1954) Appeal, section 100, page 2269. Here it was made clear to the jury, through cross-examination extending over some 75 pages of the re-

porter's transcript, that Leonard Doyle had altered his opinion of market value from $15,000 at the time of the first trial to $8,500 at the time of the second trial. His explanation—that he did not understand or realize the full significance of the easement until after the first trial—is hardly a satisfactory one, and probably did not inspire confidence in his opinion of value given at the second trial. This is reflected by the fact that the jury's verdict exceeded his opinion of value by more than 60 per cent. Moreover, Doyle did testify to numerous comparable sales of property in the immediate vicinity of the subject property, and the jury's verdict fairly reflects a valuation derived from such comparable sales. Since the jury did not accept the valuation testimony of the expert, appellant suffered no prejudice by the denial of her right to see the appraisal report.

█ Appellant next contends it was error to permit another witness—Walter Doyle—to testify concerning the breakdown in value between land and improvements on sales used by appellant's expert as comparable sales. This assignment of error derives from these facts:

Leonard Griffiths was appellant's expert witness. His testimony indicated that he arrived at fair market value by taking the price of each comparable sale and calculating the cost per square foot based on that price; then ''average it out . . . after you've got all the land together.'' He used this method to arrive at value whether or not improvements were located on a particular parcel of land. Many of the comparable sales used by him were sales made to the County of Santa Clara. He further testified that, although he had not seen the appraisals made by the county, he had talked with Walter Doyle, the county's right-of-way agent, and that Doyle ''agreed with me that that was plottage that the County was buying.'' To rebut this testimony respondent called Walter Doyle as a witness to testify concerning the method by which the county had acquired these same parcels used by Griffiths as comparable sales. Over appellant's objection, Walter Doyle testified that agreement was first reached with the property owner as to the price to be paid, and the transaction was then presented to the Board of Supervisors for their approval. The form used to present the details of the purchase contained a breakdown of the sales price between land and improvements on each parcel. The values thus fixed were based upon Walter Doyle's estimate of the value of improve-

ments or upon some third person's appraisal. Appellant objected to Walter Doyle's testimony because he was not testifying as an expert and hence his opinions of value were inadmissible. Objection was also made on the ground that, insofar as his testimony reflected the opinion of third parties, it was based on hearsay and was therefore inadmissible.

Appellant's arguments against the admissibility of the testimony of Walter Doyle are not persuasive. In the first place, Walter Doyle was not offered as an expert witness who was to give an opinion concerning the market value of appellant's property. His testimony was offered only to rebut the testimony of appellant's witness, Leonard Griffiths. That witness had testified concerning the method used by the county in making its purchases and had specifically said that Walter Doyle had told him the county was buying ''plottage.'' Apparently this was intended to mean that the price paid by the county was for land only, and that no account was taken of improvements, and no specific value assigned to them. Doyle's testimony tended to contradict that of appellant's expert because it showed that, of the total price paid by the county, some amount was allocated for improvements on the parcels acquired. The actual amount assigned to improvements in the report made by Walter Doyle was unimportant. What was important as rebuttal evidence was the fact that each transaction was submitted to the Board of Supervisors in writing, showing a breakdown between land and improvements, and that the county had acted with knowledge of such allocations. These were facts within the personal knowledge of the witness. It was proper rebuttal evidence which the respondent was entitled to present to the jury, and the trial judge was correct in overruling appellant's objections. (See 48 Cal.Jur.2d, Trial, § 110, p. 154.)

■ Appellant's final contention is that the trial court erred in permitting Floyd Clevenger, an expert valuation witness called by respondent, to testify concerning his estimate of the value of improvements on certain parcels of land used by the witness as comparable sales in arriving at his opinion of the fair market value of appellant's property. Mr. Clevenger had not seen some of the improvements on parcels deemed by him to be comparable sales, because the properties had been purchased by the County of Santa Clara and the improvements removed before the witness was called into the case to make an appraisal. Appellant contends that,

since the witness never saw the improvements, his estimate of their value is not based upon his own personal observations and hence his testimony was inadmissible. (See 19 Cal.Jur.2d, Evidence, § 289, p. 14, and cases cited.) This contention must fail.

There is no issue raised concerning the qualifications of the witness as an expert appraiser. In addition to his general qualifications as an expert, the record before us shows that the witness was familiar with the general area and situation of appellant's property; that he knew the zoning regulations applicable to it on the valuation date, and that he made an extensive inquiry into sales deemed comparable. Photographs were in evidence showing the structures and improvements on these parcels. For the most part they depict single-family frame structures of different sizes and in various states of repair. The witness had examined these photographs and from them could readily ascertain the type of structure represented, its size, the materials used, and its general condition. We see no impropriety and no error in permitting the witness to state his opinion of the value of improvements shown in the various photographs, because his opinion necessarily reflects his general knowledge and experience as an expert. (See *People* ex rel. *Dept. of Public Works* v. *Alexander,* 212 Cal.App.2d 84, 91 [27 Cal.Rptr. 720]; *McElligott* v. *Freeland,* 139 Cal.App. 143, 157, 158 [33 P.2d 430], and cases cited.)

The judgment is affirmed. The appeal from the order denying motion for new trial is dismissed.

Draper, P. J., and Devine, J., concurred.